# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| GARY MONROE HOLIFIED, individually and as next of kin of VICKI ANNE HOLIFIELD, and the estate of VICKI ANNE HOLIFIELD, STANLEY WRIGHT, Individually and as next of kin of VICKI ANNE HOLIFIELD, and the estate of VICKI ANNE HOLIFIELD, and ELIJAH ALEXANDER CONDICT, individually and and as next of kind of VICKI ANNE HOLIFIELD, and the estate of VICKI ANNE HOLIFIELD, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 2:25-cv-02606-SHL-atc |
| TIPTON COUNTY TENNESSEE, SHANNON BEASLEY, individually and in his official capacity as Sheriff of Tipton County, Tennessee, KRYSTAL BERRY, and other unknown and known individuals, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER GRANTING UNOPPOSED MOTION TO EXTEND DEADLINE TO EFFECT SERVICE OF PROCESS

Before the Court is Plaintiffs' Unopposed Motion to Extend Deadline to Effect Service of Process, filed September 11, 2025. (ECF No. 10.) In the Motion, Plaintiffs explain that their deadline to effect service of process under Federal Rule of Civil Procedure 4(m) is September 12, 2025. (Id. at PageID 45.) Counsel for Defendant Tipton County accepted service on September 11, 2025 (ECF No. 8), and counsel for Defendant Shannon Beasley waived service the same day (ECF No. 9). The Motion seeks an additional thirty days in which to serve Krystal Berry, the lone Defendant yet to be served.

The complaint alleges that, when Berry and Vicki Holifield were being held at the Tipton County Jail in June 2024, Berry smuggled fentanyl into the jail, provided it to Holifield, and Holifield died after taking the drugs. (ECF No. 1 at PageID 6–9.) Berry was later charged with second-degree murder because of her role Holifield's death. (Id. at PageID 9.)

Under the Federal Rules, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Id.

The motion explains that "[t]he Plaintiff [sic] have been seeking to find the location of where Defendant Berry can be served," as she has "been in various prison facilities and other locations during the period of time in which to effect service." (Id. at PageID 46.) As a result, "Plaintiffs have had some difficulty in serving her with process in this matter." (Id.) Nevertheless, they "anticipate that they should be able to effect service upon Defendant Berry within the next thirty (30) days." (Id.)

Plaintiffs do not explain how they have been "seeking to find the location of where Defendant Berry can be served," nor do they explain what leads them to believe that those efforts will bear fruit within the next thirty days. But if Berry is incarcerated, as Plaintiffs suggest, she should not be hard to find, and certainly should have been able to be located within Rule 4(m)'s ninety-day window provided for service of process.[1] Given that the other Defendants in this matter were served eighty-nine days after the complaint was filed—and via waiver or through

---

[1] The Tipton County court docket indicates that Berry has a status conference in her criminal matter on September 22, 2025, and is set for trial on November 6, 2025. See State Of Tennessee v. Berry, 84CC1-2025-CR-189.

2

their lawyer accepting service—the Court suspects that Plaintiffs might have been less than diligent in seeking to find Berry. Despite this apparent lack of diligence and good cause, the motion is **GRANTED**. Plaintiffs shall have until October 12, 2025, in which to serve Berry. No additional extensions of time for service will be granted.

    **IT IS SO ORDERED,** this 12th day of September, 2025.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE
