IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| GARY MONROE HOLIFIELD, ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | No. 2:25-cv-02606-SHL-atc |
| | ) | |
| v. | ) | |
| | ) | |
| TIPTON COUNTY, | ) | |
| TENNESSEE, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER

Defendants Tipton County, Tennessee and Shannon Beasley ("Defendants"), by and through undersigned counsel, respond to Plaintiffs' Complaint as follows:

### ADMISSIONS AND DENIALS

Defendants respond to the numbered paragraphs of Plaintiffs' Complaint as follows:

### I.  INTRODUCTION

1. Denied.

### II.  PARTIES

1. Without sufficient information to admit or deny the allegations in this paragraph.

2. Without sufficient information to admit or deny the allegations in this paragraph.

3. Without sufficient information to admit or deny the allegations in this paragraph.

4. Without sufficient information to admit or deny the allegations in this paragraph.

5. Admit the allegations in this paragraph. Deny that Plaintiffs are entitled to any relief under any theory of law against these Defendants.

6. Admit the allegations in this paragraph. Deny that Plaintiff is entitled to any relief under any theory of law against these Defendants.

7. Without sufficient information to admit or deny the allegations in this paragraph.

### III.  JURISDICTION

Defendants admit that this Court has jurisdiction over Plaintiff's federal claims, but deny that Defendants violated Plaintiffs' constitutional rights, deny that Defendants violated the law, and deny that Plaintiffs are entitled to any relief under any theory of law against these Defendants.

Defendants deny that this Court should exercise supplemental jurisdiction over Plaintiff's state law claims. Defendants deny that immunity has been waived.

Defendants admit that venue is proper in the Court, but deny that Defendants violated Plaintiffs' constitutional rights, deny that Defendants violated the law, and deny that Plaintiffs are entitled to any relief under any theory of law against these Defendants.

Defendants deny that this Court possess jurisdiction via 28 U.S.C. 1332.

### IV.  JURY DEMAND

The allegations appearing in this paragraph are not factual allegations directed against these Defendants and, thus, no response is required.

### V.  FACTS

1. Denied.

2. Denied.

3. Admitted.

4. Admitted.

5. Denied.

6. Denied.

7. Admitted.

8. Admitted that the Tipton County Sheriff's Office oversees the Tipton County Jail. Deny the remaining allegations appearing in this paragraph.

9. Admitted.

10. Denied.

11. Admitted.

12. Denied.

13. Admit, upon information and belief, that Vicki Holifield was born on February 18, 1979. Without sufficient information to admit or deny the remaining allegations in this paragraph.

14. Admit that Vicki Holifield died on June 17, 2024. Deny that Tennessee law allows Plaintiffs Holifield, Wright and Condict to bring this action individually, as next of kin of Vicki Holifield, and/or for the benefit of the Estate of Vicki Holifield. Deny that this action has been brought in conformance with Tennessee Wrongful Death statute. Deny the remaining allegations in this paragraph and deny that Plaintiffs are entitled to any relief under any theory of law.

15. Based upon information and belief, admitted.

16. Denied.

17. Admit that Vicki Holifield pled guilty to drug charges in the Criminal Court of Tipton County, Tennessee in 2023. Deny the remaining allegations in this paragraph.

18. Denied.

19. Admit that Vicki Holifield was not moved to a rehabilitation facility after completing the first six months of her sentence. Deny that she was supposed to be moved to a

rehabilitation facility after the first six months of her sentence and deny the remaining allegations appearing in this paragraph.

20. Denied.

21. Denied.

22. Denied.

23. Admitted.

24. Admitted.

25. Admit that Defendant Krystal Berry was arrested on June 15, 2024, in Tipton County, Tennessee. Admit that a Tipton County Sheriff's Office ("TCSO") deputy arrested Defendant Berry. Deny the remaining allegations in this paragraph.

26. Admitted.

27. Admit that a TSCO deputy transported Defendant Berry to Tipton County Jail. Deny the remaining allegations in this paragraph.

28. Without sufficient information or belief to admit or deny what "news reports" indicated. Deny that Sheriff Beasley strip searched Berry. Admit that a TSCO officer strip searched Berry.

29. Without sufficient information or belief to admit or deny what "news reports" indicated.

30. Without sufficient information or belief to admit or deny what "staff" reported. Admit that Defendant Berry did not receive a body cavity search before entering general population at Tipton County Jail. Deny the remaining allegations in this paragraph.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Admit that Defendant Berry was admitted to general population on June 15, 2024. Admit that Defendant Berry did not receive a body cavity search prior to being admitted to general population. Deny the remaining allegations in this paragraph.

39. Admit, based upon information and belief, that sometime after Berry was admitted to general population, she distributed illegal drugs to Ms. Holifield. Deny the remaining allegations appearing in this paragraph.

40. Based upon information and belief, admitted.

41. Denied.

42. Denied.

43. Admitted.

44. Admitted that Holifield was released on her own recognizance. Deny the remaining allegations.

45. Denied.

46. Admitted.

47. Admitted.

48. Denied.

49. Denied.

50. Based upon information and belief, admitted.

51. Based upon information and belief, admitted.

52. Denied.

53. Denied.

54. Based upon information and belief, admitted.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Based upon information and belief, admitted.

63. Based upon information and belief, admitted.

64. Admit that Sheriff Beasley is responsible for the establishment of the policies and procedures at the Tipton County Jail. Deny the remaining allegations.

65. Denied.

66. Denied.

67. Deny that Defendants Tipton County and Sheriff Beasley acted negligently. The remaining allegations appearing in this paragraph are not factual allegations directed against these Defendants and, thus, no response is required.

68. Deny that Defendants Tipton County and Sheriff Beasley acted negligently. Deny that Defendants Tipton County and Sheriff Beasley's actions or inactions caused Plaintiff's death. The remaining allegations appearing in this paragraph are not factual allegations directed against these Defendants and, thus, no response is required.

69. Denied. Deny that Plaintiffs are entitled to any relief under any theory of law against these Defendants.

70. Denied. Deny that Plaintiffs are entitled to any relief under any theory of law against these Defendants.

71. The allegations appearing in this paragraph are not factual allegations directed against these Defendants and, thus, no response is required. Deny that Plaintiffs are entitled to any relief under any theory of law against these Defendants.

## VI.  CAUSES OF ACTION CLAIM

72. Defendants incorporate their responses to the previous paragraphs herein by reference.

73. No response is necessary as the allegations constitute legal conclusions. Defendants deny that the assertions accurately and/or completely reflect the law and deny the remaining allegations. Defendants deny that they breached any legal duties owed to Ms. Holifield.

74. No response is necessary as the allegations constitute legal conclusions. Defendants deny that the assertions accurately and/or completely reflect the law and deny the remaining allegations. Defendants deny that they breached any legal duties owed to Ms. Holifield.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Defendants incorporate their responses to the previous paragraphs herein by reference.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. Admitted.

101. Denied.

102. Defendants incorporate their responses to the previous paragraphs herein by reference.

103. Admitted that 42 U.S.C. § 1983 speaks for itself. Deny the allegations to the extent they are not consistent with the language of 42 U.S.C. § 1983.

104. No response is necessary as the allegations constitute legal conclusions.

105. Admitted, but deny that the Eighth Amendment includes boldened text as set forth in the Complaint.

106. No response is necessary as the allegations constitute legal conclusions. Defendants deny that the assertions accurately and/or completely reflect the law and deny the remaining allegations.

107. Admit that the TCSO officers who detained Ms. Holifield, did so under color of law. Deny the remaining allegations.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

113. No response is necessary as the allegations constitute legal conclusions. Defendants deny that the assertions accurately and/or completely reflect the law and deny the remaining allegations. Defendants deny that Ms. Holifield suffered a constitutional deprivation.

114. No response is necessary as the allegations constitute legal conclusions. Defendants deny that the assertions accurately and/or completely reflect the law and deny the remaining allegations.

115. Denied as stated.

116. No response is necessary as the allegations constitute legal conclusions. Defendants deny that the assertions accurately and/or completely reflect the law and deny the remaining allegations. Defendants deny that the breached any duties owed to Ms. Holifield.

117. Denied.

118. Denied.

119. Denied.

120. Denied.

121. Denied.

122. Denied.

123. Denied.

124. Denied.

125. Denied.

126. Denied.

127. Denied.

128. Denied.

129. Denied.

130. Denied.

131. Denied.

132. Denied.

133. Defendants incorporate their responses to the previous paragraphs herein by reference.

134. Admitted that 42 U.S.C. § 1983 speaks for itself. Deny the allegations to the extent they are not consistent with the language of 42 U.S.C. § 1983.

135. No response is necessary as the allegations constitute legal conclusions.

136. Admitted, but deny that the Fourth Amendment includes boldened text as set forth in the Complaint.

137. No response is necessary as the allegations constitute legal conclusions. Defendants deny that the assertions accurately and/or completely reflect the law.

138. No response is necessary as the allegations constitute legal conclusions. Defendants deny that the assertions accurately and/or completely reflect the law.

139. Admit that the TCSO officers who detained Ms. Holifield, did so under color of law. Deny the remaining allegations.

140. Denied.

141. No response is necessary as the allegations constitute legal conclusions. Defendants deny that the assertions accurately and/or completely reflect the law. Defendants deny that Ms. Holifield suffered a constitutional deprivation.

142. No response is necessary as the allegations constitute legal conclusions. Defendants deny that the assertions accurately and/or completely reflect the law.

145. Denied as stated.

146. No response is necessary as the allegations constitute legal conclusions. Defendants deny that the assertions accurately and/or completely reflect the law. Defendants deny that they breached any duties owed to Ms. Holifield.

147. Denied.

148. Denied.

149. Denied.

150. Denied.

151. Denied.

152. Denied.

153. Denied.

154. Denied.

155. Denied.

156. Denied.

157. Denied.

158. Denied.

159. Denied.

160. Denied.

161. Denied.

162. Denied.

163. Defendants incorporate their responses to the previous paragraphs herein by reference.

164. No response is necessary as the allegations constitute legal conclusions. Defendants deny that the assertions accurately and/or completely reflect the law. Defendants deny that they breached any legal duty of care owed to Ms. Holifield.

165. Denied.

166. Denied.

167. Denied.

168. Denied.

169. Denied.

170. Defendants incorporate their responses to the previous paragraphs herein by reference.

171. No response is necessary as the allegations constitute legal conclusions. Defendants deny that the assertions accurately and/or completely reflect the law.

172. Denied.

173. Denied.

## RELIEF REQUESTED

Defendants deny that Plaintiffs are entitled to any compensatory, special, or punitive damages, attorneys' fees, costs, expenses and/or any other relief of any kind whatsoever. Defendants also deny that Plaintiffs are entitled to a declaratory or injunctive order against Defendants for any reason whatsoever.

## GENERAL DENIAL

All allegations of the Complaint not admitted, denied, or explained are now expressly denied, and Defendants demand strict proof thereof. Defendants deny that Plaintiffs are entitled to any relief. Plaintiffs have failed to set forth a claim and therefore the Complaint should be dismissed.

## AFFIRMATIVE DEFENSES

**Affirmative Defense 1**: The Complaint fails to state a claim against Defendants upon which relief can be granted pursuant to Rule 12(b)(6) of the FEDERAL RULES OF CIVIL PROCEDURE.

**Affirmative Defense 2**: The named Plaintiffs do not all possess standing to bring this lawsuit under Tennessee's Wrongful Death statute. Accordingly, this Court lacks subject-matter jurisdiction to hear all of Plaintiffs' claims.

**Affirmative Defense 3**: Defendants deny that any Tipton County policy, practice, custom, or procedure was the moving force behind any constitutional deprivation alleged by Plaintiffs. Defendants deny Plaintiffs suffered any constitutional deprivation at any time.

**Affirmative Defense 4:** Defendant Sheriff Beasley is entitled to qualified immunity because he (1) did not violate Plaintiff's constitutional rights, and (2) the constitutional right at issue was not clearly established in the specific context so that a reasonable official in Sheriff Beasley's shoes would have understood that he violated Ms. Holifield's constitutional rights.

**Affirmative Defense 5:** Defendants affirmatively plead any and all immunities, whether absolute and/or qualified, including the Public Duty Doctrine. Immunity has not been waived; therefore, Plaintiffs may not recover from these Defendants.

**Affirmative Defense 6:** Defendants plead and rely upon any and all defenses, immunities, and damages caps pursuant to Tenn. Code Ann. § 29-20-101 *et seq.*, otherwise known as the "Tennessee Governmental Tort Liability Act" ("GTLA"). Immunity under the GTLA has not been waived. For example, the GTLA's discretionary function and civil rights exceptions specifically preserve immunity for the County in this matter.

**Affirmative Defense 7**: At all times relevant, Defendants acted in good faith, and as a reasonable and prudent officer and governmental entity without any subjective denial of the Ms. Holifield's constitutional rights and in accordance with the enacted appropriate policies and procedures designed to protect Ms. Holifield. Moreover, at all times relevant, Defendants acted in an objectively reasonable manner given the information and circumstances then and there known to the Defendants.

**Affirmative Defense 8:** Defendants deny that they intentionally or otherwise deprived Plaintiff of any constitutional right. Defendants deny that they ever violated Plaintiff's constitutional rights. Defendants deny that there was any deprivation of the constitutional rights of Plaintiff at any time.

**Affirmative Defense 9**: Defendants exercised a degree of care which is reasonable, prudent, proper, and lawful at all times relevant and material hereto. Defendants are not guilty of any act or omission as alleged in Plaintiffs' Complaint, and Plaintiffs did not sustain any injuries or damages as a result of any act or omission of Defendants. Therefore, Plaintiffs may not recover from Defendants.

**Affirmative Defense 10**: Defendants rely upon Tennessee's modified comparative fault doctrine. Defendants specifically assert that the actions of Decedent constituted negligence as she, among other things, negligently ingested a lethal amount of illegal drugs and said negligence resulted in her death. Defendants will assert the fault of Decedent at trial and will argue that the Plaintiff's claims must be barred because Decedent's negligence constituted more that 50% of fault for her death. Defendants further assert the fault of Defendant Berry. Specifically, Defendant Berry negligently provided Decedent a lethal amount of illegal drugs and said negligence resulted in Decedent's death. Accordingly, Defendants will assert Berry's fault at trial.

**Affirmative Defense 11:** Defendants affirmatively state that Decedent's injuries/death were the direct result of a non-party's criminal, intentional, reckless, and/or negligent actions. Therefore, Plaintiff cannot recover from Defendants.

**Affirmative Defense 12:** Decedent's death was the direct result of Decedent's own intentional, reckless, and/or negligent actions. Therefore, Plaintiff cannot recover from Defendants.

**Affirmative Defense 13**: Plaintiff's claims are barred by the *in pari delicto* doctrine. Plaintiff engaged in illegal activity and said illegal activity caused her death. Accordingly, Defendants cannot be held liable for Plaintiff's death.

**Affirmative Defense 14**: Plaintiff's claims are barred because Decedent's death was the result of a supervening and/or intervening action for which Defendants are not responsible.

**Affirmative Defense 15**: Plaintiff is not entitled to punitive damages from the Defendants, and her request for punitive damages is unconstitutional.

**Affirmative Defense 16**: In the event Plaintiff seeks an award of punitive damages, Defendants move, pursuant to Rule 42(b) of the FEDERAL RULES OF CIVIL PROCEDURE,

for a bifurcated trial on the issues of liability and the amount of punitive damages, if any, to which the Plaintiff may be entitled.

Defendants reserve any and all defenses, including Rule 12(b) defenses, which may be available to Defendants. As such, Defendants reserve the right to amend the Defendants' Answer to assert additional affirmative or supplemental defenses.

Respectfully submitted,

PENTECOST, GLENN & TILLY, PLLC

By:	s/Nathan D. Tilly
	Nathan D. Tilly (#31318)
	Haley A. Klima (#41540)
	*Attorneys for Defendants*
	162 Murray Guard Drive, Suite B
	Jackson, Tennessee 38305
	(731) 668-5995 – Telephone
	(731) 668-7163 – Facsimile
	ntilly@pgtfirm.com
	hklima@pgtfirm.com

## CERTIFICATE OF SERVICE

This is to certify that I have served a copy of this paper or pleading via the Court's ECF filing system upon:

Paul Forrest Craig
44 N. Second Street, Ste. 600
Memphis, TN 38103

on this the 2nd day of October, 2025.

PENTECOST, GLENN & TILLY, PLLC

By:	s/Nathan D. Tilly
	Nathan D. Tilly

Case 2:25-cv-02606-SHL-atc   Document 14   Filed 10/02/25   Page 17 of 17
                          PageID 75