## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| GARY MONROE HOLIFIELD, individually and as next of kin of VICKI ANNE HOLIFIELD and the Estate of VICKI ANNE HOLIFIELD, STANLEY WRIGHT, individually and as next of kin of VICKI ANNE HOLIFIELD and the Estate of VICKI ANNE HOLIFIELD, and ELIJAH ALEXANDER CONDICT, individually and as next of kin of VICKI ANNE HOLIFIELD and the Estate of VICKI ANNE HOLIFIELD, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | No. 2:25-cv-02606-SHL-atc |
| v. | ) ) | |
| TIPTON COUNTY, TENNESSEE, SHANNON BEASLEY, individually and in his official capacity as Sheriff of Tipton County, Tennessee, KRYSTAL BERRY, and other unknown and unnamed individuals, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## SCHEDULING ORDER

Pursuant to written notice, a scheduling conference was held on March 13, 2026. Present were Paul Forrest Craig, counsel for Plaintiff, and Nathan Tilly, counsel for Defendants Tipton County, Tennessee and Shannon Beasley. At the conference, the following dates were established as the final deadlines for:

**INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1):** March 26, 2026

**MOTIONS TO JOIN PARTIES:** May 12, 2026

**MOTIONS TO AMEND PLEADINGS:** May 12, 2026

**MOTIONS TO DISMISS:** June 2, 2026

**ALTERNATIVE DISPUTE RESOLUTION:**

    **(a)**    **ADR DEADLINE PURSUANT TO ADR PLAN RULE 4.3(a):** June 4, 2026
Mediator must file Mediation Certification Form: www.tnwd.uscourts.gov/local-forms

    **(b)**    **SELECTION OF MEDIATOR PURSUANT TO ADR PLAN RULE 5.4(c)2:**

         **STIPULATION FILING DATE:** March 23, 2026

         (If the parties fail to agree upon a Mediator by this deadline, the Court shall select a Mediator for the case from the Court's Mediator list and shall issue an Order notifying the parties of the Mediator's identity)

**COMPLETING ALL DISCOVERY:** December 11, 2026

**(a)**    **WRITTEN DISCOVERY**[1]**:** November 11, 2026

    **(b)**    **DEPOSITIONS:** December 11, 2026

    **(c)**    **EXPERT WITNESS DISCLOSURES (Rule 26):**

        **(1)**    **DISCLOSURE OF RULE 26 EXPERT INFORMATION FOR PARTY BEARING BURDEN:** October 9, 2026

        **(2)**    **DISCLOSURE OF REBUTTAL RULE 26 EXPERT INFORMATION:** November 9, 2026

        **(3)**    **EXPERT WITNESS DEPOSITIONS:** December 11, 2026

**MOTIONS TO EXCLUDE EXPERTS/DAUBERT MOTIONS:** December 31, 2026

**FILING DISPOSITIVE MOTIONS:** January 11, 2027

**JOINT PROPOSED PRETRIAL ORDER DUE:** April 30, 2027
(E-Mail Joint Proposed Pretrial Order in Word or WordPerfect format to: ECF_Judge_Lipman@tnwd.uscourts.gov)

**PRETRIAL CONFERENCE DATE:** May 7, 2027 at 10:00 a.m.
(All counsel participating in the trial must be present in person at the pretrial conference.)

**JURY TRIAL:** May 17, 2027 at 9:30 a.m. Trial is anticipated to last approximately three days.

---

[1] The parties shall serve requests at least forty-five days before the deadline to complete written discovery to allow sufficient time for responses by the deadline for completion of discovery.

The parties do not consent to trial before the magistrate judge.

**OTHER RELEVANT MATTERS:**

As required by Local Rule 26.1(e), the parties have conferred as to whether they will seek discovery of electronically stored information ("e-discovery") and have agreed that the disclosure or discovery of electronically stored information will be handled by producing electronically stored information in hard copy form. Counsel has discussed the categories of electronically stored information that may be subject of discovery and are making efforts to determine the accessibility of such information.

Pursuant to agreement of the parties, if privileged or protected information is inadvertently produced, the producing party may, by timely notice, assert the privilege or protection and obtain the return of the materials without waiver.

Pursuant to Local Rule 16.3(d), within seven days of completion of ADR, the parties shall file a notice via ECF confirming that the ADR was conducted and indicating whether it was successful or unsuccessful, without disclosing the parties' respective positions at the ADR. The Mediator must file a Mediation Certification form, as noted above.

Pursuant to Local Rule 7.2(a)(1)(A), all motions, except motions pursuant to Fed. R. Civ. P. 12, 56, 59, and 60 shall, be accompanied by a proposed order in a word processing format sent to the ECF mailbox of the presiding judge.

Pursuant to Local Rule 7.2(a)(1)(B), the parties are required to consult prior to filing any motion (except motions filed pursuant to Fed. R. Civ. P. 12, 56, 59, and 60).

The opposing party must file a response to any opposed motion. Pursuant to Local Rule 7.2(a)(2), a party's failure to respond timely to any motion, other than one requesting dismissal of a claim or action, may be deemed good grounds for granting the motion.

Neither party may file an additional reply to any motion, other than a motion filed pursuant to Fed. R. Civ. P. 12(b) or 56, without leave of the court. Pursuant to Local Rule 7.2(c), if a party believes that a reply is necessary, it shall file a motion for leave to file a reply within seven days of service of the response, setting forth the reasons why a reply is required.

**Pursuant to Federal Rule of Civil Procedure 16(b)(4), the scheduling order may <u>only</u> be modified for good cause and with this Court's consent. Good cause requires the moving party to show that it could not meet the scheduling order's deadline despite that party's diligence. Potential prejudice to the nonmoving party is also evaluated when considering a motion to extend deadlines. In this case, however, because of the length of the discovery period, the Parties were cautioned that no extensions will be granted.**

3

*This order has been entered after consultation with the parties.*

**IT IS SO ORDERED,** this 13th day of March, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE